Scott M. Grace S.B.N. 236621
Luftman, Heck & Associates, LLP
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
sgrace@lawlh.com
Phone: 619-346-4600
Fax:  619-923-3661

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| LOIDA CAMARCE, | Case No.: '17CV2337 WQHKSC |
|---|---|
| Plaintiff, | COMPLAINT |
| vs. | DEMAND FOR JURY TRIAL |
| VELOCITY INVESTMENTS, LLC, GOLDSMITH & HULL, APC, and DOES 1-10, | |
| Defendant, | |

## INTRODUCTION

1.   This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, LOIDA CAMARCE, (hereinafter CAMARCE) against VELOCITY INVESTMENTS, LLC (hereinafter VELOCITY), GOLDSMITH & HULL, APC (hereinafter GOLDSMITH & HULL), and Does 1-10, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the California Rosenthal Fair Debt Collection

Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibit debt collectors and debt buyers from engaging in abusive, deceptive and unfair debt collection practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4. This action arises out of Defendant's violations of the FDCPA under 15 U.S.C. §1692, *et seq.*, violations of the California Rosenthal Act under Cal. Civ. Code §1788, *et seq.*

5. Jurisdiction arises pursuant to 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

6. As Defendants engage in business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## THE PARTIES

8. Plaintiff is a natural person residing in San Diego, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a consumer debt, allegedly owed to VELOCITY (hereinafter "Debt"), and a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h) of the California Rosenthal Act.

9. At all times relevant herein, VELOCITY was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by 15 U.S.C. §1692a(5) of the FDCPA.

10. VELOCITY regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of 15 U.S.C. §1692a(6) of the FDCPA and Cal. Civ. Code §1788.2(c) of the Rosenthal Act.

11. At all times relevant herein, VELOCITY was a company who uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts owed another and is therefore a debt collector within the meaning of 15 U.S.C. §1692a(6) of the FDCPA and Cal. Civ. Code §1788.2(c) of the Rosenthal Act.

12. At all times relevant herein, GOLDSMITH & HULL was a company who uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts owed another and is therefore a debt collector within the meaning of 15 U.S.C. §1692a(6) of the FDCPA and Cal. Civ. Code §1788.2(c) of the Rosenthal Act.

13. At all times relevant herein, GOLDSMITH & HULL was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by 15 U.S.C. §1692a(5) of the FDCPA.

14. GOLDSMITH & HULL regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of 15 U.S.C. §1692a(6) of the FDCPA and Cal. Civ. Code §1788.2(c) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

15. On or about August 21, 2013, Plaintiff agreed to an online loan from WebBank, a Utah chartered lending institution. (Exhibit 1)

16. Plaintiff thereafter made payment to WebBank until approximately February 7, 2015.

17. Plaintiff allegedly became delinquent in the payment on the debt allegedly owed to WebBank on or about February 7, 2015.

18. On or about April 28, 2015, WebBank allegedly transferred the defaulted account to LendingClub Corporation. (Exhibit 2)

19. On or about April 30, 2015, LendingClub Corporation allegedly assigned, placed, or otherwise transferred the account to Defendant VELOCITY. (Exhibit 3)

20. On or before March 17, 2017, Defendant VELOCITY engaged Defendant GOLDSMITH & HULL to attempt to collect the alleged account on behalf of VELOCITY.

21. On March 17, 2017, VELOCITY, by and through GOLDSMITH & HULL, filed a complaint against Plaintiff in the county of San Diego Superior Court, Case No. 37-2017-00009573-CL-CL-CTL, claiming an unpaid balance in an amount of $15,850.97. (Exhibit 4)

22. The Complaint (Exhibit 4), which was filed by GOLDSMITH & HULL on behalf of VELOCITY, falsely stated in paragraph 5 that "[D]ue to Defendants' non-payment of the Account, the Original Creditor charged-off and sold the account to Plaintiff." This statement was false, deceptive, and misleading.

23. The Complaint (Exhibit 4), which was filed by GOLDSMITH & HULL on behalf of VELOCITY, falsely stated in paragraph 9 that "within the last four years, on or about February 24, 2015, the Defendants became indebted to LendingClub Corporation on the Account." This statement was false, deceptive, and misleading.

24. The Complaint (Exhibit 4), which was filed by GOLDSMITH & HULL on behalf of VELOCITY, falsely stated in paragraph 16 that "within the last four years, on or about February 24, 2015 the Defendants became indebted to Plaintiff in the sum of $15,850.97 for money had and received by Defendants for use and benefit of Plaintiff." This statement was false, deceptive, and misleading.

25. The Complaint (Exhibit 4), which was filed by GOLDSMITH & HULL on behalf of VELOCITY, falsely stated in paragraph 17 that "there is now owing the sum of $15,850.97, with interest on that amount from February 24, 2015." This statement was false, deceptive, and misleading.

26. At all times herein, VELOCITY and GOLDSMITH & HULL were attempting to collect, from Plaintiff, a debt as defined by 15 U.S.C. §1692a (5) of the FDCPA and a consumer debt as defined by Cal. Civ. Code §1788.2(f) of the Rosenthal Act.

27. The false, deceptive, and misleading statements made by GOLDSMITH & HULL on behalf of VELOCITY were material because the statements negatively impacted Plaintiff's statutory and legal rights, and misled Plaintiff as to the character, amount, and legal status of the alleged account, thereby causing Plaintiff confusion and anxiety.

28. The false, deceptive, and misleading statements made by GOLDSMITH & HULL on behalf of VELOCITY were known, or should have been known to be false, by Defendants GOLDSMITH & HULL and VELOCITY.

### FIRST CLAIM FOR RELEIF

### (Violations of the FDCPA)

29. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

30. VELOCITY violated the FDCPA. The violations include, but are not limited to, the following:

(1) Using false, deceptive, or misleading representations or means in connection with the debt collection in violation of 15 U.S.C. §1692e and e(10) of the FDCPA;

(2) Communicating a false impression of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2) of the FDCPA;

(3) Communicating information which is known or which should be known to be false in violation of 15 U.S.C. §1692e(8) of the FDCPA;

31. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

32. Defendant GOLDSMITH & HULL violated the FDCPA. The violations include, but are not limited to, the following:

(1) Using false, deceptive, or misleading representations or means in connection with the debt collection in violation of 15 U.S.C. §1692e and e(10) of the FDCPA;

(2) Communicating a false impression of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2) of the FDCPA;

(3) Communicating information which is known or which should be known to be false in violation of 15 U.S.C. §1692e(8) of the FDCPA;

33. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

## SECOND CLAIM FOR RELEIF

### (Claim for violations of the Rosenthal Act)

34. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

35. Defendant VELOCITY's acts and omissions violated the Rosenthal Act including, but not limited to Cal. Civ. Code §1788.17.

36. Defendant VELOCITY's violations of Cal. Civ. Code §1788.17 of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in paragraph 30 and 32 above.

37. Defendant VELOCITY's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act.

38. As a proximate result of the violations of the Rosenthal Act committed by Defendant VELOCITY, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

39. Defendant GOLDSMITH & HULL's acts and omissions violated the Rosenthal Act including, but not limited to Cal. Civ. Code §1788.17.

40. Defendant GOLDSMITH & HULL's violations of Cal. Civ. Code §1788.17 of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in paragraphs 30 and 32 above.

41. Defendant GOLDSMITH & HULL's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act.

42. As a proximate result of the violations of the Rosenthal Act committed by Defendant GOLDSMITH & HULL, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

///
///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants VELOCITY and GOLDSMITH & HULL, and for Plaintiff, and prays for the following relief:

1.  An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA against Defendants VELOCITY and GOLDSMITH & HULL, and each of them;

2.  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) of the FDCPA against Defendants VELOCITY and GOLDSMITH & HULL, and each of them;

3.  An award of actual damages pursuant to Cal. Civ. Code §1788.30(a) of the Rosenthal Act, against Defendants VELOCITY and GOLDSMITH & HULL, and each of them;

4.  An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act against Defendants VELOCITY and GOLDSMITH & HULL, and each of them.

5.  An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k (a) (3) of the FDCPA against Defendants VELOCITY and GOLDSMITH & HULL, and each of them.

6.  An Award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code §1788.30(c) of the Rosenthal Act, against Defendants VELOCITY and GOLDSMITH & HULL, and each of them.

9.  An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code §1788.62(c)(1) against Defendants VELOCITY and GOLDSMITH & HULL, and each of them.

10. Such other and further relief this court may deem just and proper.

///
///
///
///

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 17, 2017

Luftman, Heck and Associates
By s/ Scott M. Grace
Attorney for Plaintiff
Email: sgrace@lawlh.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Loida Camarce

## DEFENDANTS
Velocity Investments, LLC; Goldsmith & Hull, APC; and Does 1-10

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Monmouth, New Jersey
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott M. Grace, SBN 236621
Luftman, Heck & Associates, LLP
1958 Sunset Cliffs Blvd., San Diego, CA 92107, P (619) 346-4600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §1692 and Cal. Civ. Code §1788.17
Brief description of cause:
Fair Debt Collection Practices Act violations and California Rosenthal Act violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: 
DOCKET NUMBER:

DATE: 11/17/2017
SIGNATURE OF ATTORNEY OF RECORD: s/ Scott M. Grace

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____